

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co*

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-2520
Re: United States Flag-
Advertisements.

Your request for opinion has been received and carefully considered. You enclose with your letter a picture which depicts the making of the American Flag by Betsy Ross. In the left hand corner of the picture are the words "Betsy Ross, Making First American Flag, June 14th, 1777," and in the right hand corner are the following words: "Bottle of Pearl Please, San Antonio Brewing Association -- Established 1886." The American Flag is prominently displayed in the picture. You ask this department whether or not the use of said picture for advertising purposes would be in any way in conflict with the laws of the State of Texas.

Article 148, Vernon's Annotated Texas Penal Code, reads as follows:

"Whoever shall in any manner, for exhibition or display, place or cause to be placed, any word, figure, mark, picture, design, drawing or any advertisement of any nature upon any flag, standard, color or ensign of the United States of America, or State flag of this State, or ensign, or shall expose or cause to be exposed to public view any such flag, standard, color, or ensign, upon which, after this Act takes effect, shall have been printed, painted or otherwise placed, or to which shall be attached, appended, affixed or annexed any word, figure, mark, picture, design or drawing, or any advertisement of any nature, or who shall after this Act takes effect, expose to public view, manufacture, sell, expose for sale, give away, or have in possession for sale, or to give away, or for use for any purpose, any article

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bert Ford, page 2

or substance being an article of merchandise, or
receptacle of merchandise or article or thing for
carrying or transporting merchandise, upon which
after this Act takes effect, shall have been printed,
painted, attached or otherwise placed a representa-
tion of any such flag or flags, standard, color or
ensign to advertise, call attention to, decorate,
mark, or distinguish the article or substance on
which so placed, or who shall publicly mutilate, de-
face, defy, or defile, trample upon or cast contempt
either by words or act, upon any Texas flag, standard,
color or ensign, shall be fined not exceeding one hun-
dred dollars or be imprisoned in jail for not more
than thirty days, or both. The words flag, standard,
color or ensign as used in this article shall include
any flag, standard, color, ensign or any picture or
representation of either, made of or represented on
any substance, and of any size purporting to be, either
of, said flag, standard, color or ensign of the United
States of America, or a picture or representation, of
either upon which shall be shown the colors, the stars
and the stripes in any number of either or by which one
seeing the same without deliberation may believe the
same to represent the flag, colors, standard or ensign
of the United States of America. The possession by one
other than a public officer, as such, of any such flag,
standard, color or ensign, on which shall be anything
made unlawful at any time by this article or of any
article or substance or thing on which shall be anything
made unlawful at any time by this article, shall be pre-
sumptive evidence that the same is in violation of this
article, and was made, done or created after this Act
takes effect, and that such did not exist when this law
took effect." (Underscoring ours)

Article 149, Vernon's Annotated Texas Penal Code, reads
as follows:

"The preceding article shall not apply to any act
permitted by the Statutes of the United States of America,
or by the United States Army and Navy regulations, nor
shall it be construed to apply to a newspaper, periodi-
cal, book, pamphlet, circular, certificate, diploma, war-
rant or commission of appointment to office, ornamental
picture, article of jewelry or stationery for use in
correspondence on any of which shall be printed, or
placed said flag, disconnected from any advertisement"
(Underscoring ours)

Honorable Bert Ford, page 3

Article 148, supra, provides among other things that "whoever shall in any manner, for exhibition or display * * * expose or cause to be exposed to public view any such flag * * * or * * * to which shall be attached, appended affixed or annexed * * * any advertisement of any nature * * * shall be fined * * * or be imprisoned in jail * * * "

Article 148, supra, further states that "the words flag, standard, color or ensign as used in this article shall include any flag, standard, color, ensign or any picture or representation of either, made of or represented on any substance, and of any size purporting to be, either of, said flag, standard, color or ensign of the United States of America, or a picture or representation, of either upon which shall be shown the colors, the stars and the stripes in any number of either, * * * "

Article 149, supra, containing the exceptions to Article 148, supra, excepts ornamental pictures disconnected from any advertisement.

The ornamental picture appended to your letter advertises "Pearl Beer."

You are therefore respectfully advised that it is the opinion of this department that the proposed advertisement is prohibited by Article 148 of the Penal Code of this State.

Yours very truly

APPROVED JUL 15, 194

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By                    Wm. J. Fanning
                     Wm. J. Fanning
                     Assistant

WJF:EP

